**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4740**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

SHARAFA BUHARI,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:17-cr-00111-RDB-1)

_____

Submitted: July 26, 2018                      Decided: July 30, 2018

_____

Before GREGORY, Chief Judge, and FLOYD, Circuit Judge, and HAMILTON, Senior Circuit Judge.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

Jonathan A. Gladstone, Annapolis, Maryland, for Appellant. Zachary Byrne Stendig, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Sharafa Buhari pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), and the district court imposed a 48-month sentence. Buhari's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Buhari was entitled to be considered for an early disposition program pursuant to U.S. Sentencing Guidelines Manual § 5K3.1 (2016), and whether his sentence is unreasonable. The Government has filed a motion to dismiss the appeal on the ground that these issues fall within the scope of Buhari's waiver of appellate rights. We dismiss in part and affirm in part.

We review the validity of a defendant's waiver of appellate rights de novo. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). "A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *Id.* "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Buhari knowingly and voluntarily pled guilty and waived his right to appeal his conviction and sentence, and that the claims raised in the *Anders* brief

2

fall squarely within the scope of the waiver. We therefore grant the Government's motion to dismiss as to those claims.

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious, nonwaived issues for appeal. We therefore affirm the remainder of the district court's judgment. This court requires that counsel inform Buhari, in writing, of the right to petition the Supreme Court of the United States for further review. If Buhari requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Buhari.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*